■ MICHAEL LEVY, Respondent, v MORTON SALKIND, Appellant. (And a Third-Party Action.) [713 NYS2d 863] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered July 9, 1999, which, upon the prior grant of plaintiff's motion to strike defendant's answer pursuant to CPLR 3126 for failure to comply with discovery in this action for contribution and indemnification, awarded plaintiff the total amount of $494,577.56, unanimously reversed, on the law, with costs, the judgment vacated, and the matter remanded to Supreme Court for settlement of a judgment not to exceed in its principal amount one-half of the judgment in the underlying matter and to be based on documentation setting forth the amount actually paid by plaintiff in satisfaction of that underlying judgment.

While defendant's failure to appear for deposition, as directed by the IAS Court, in the New York offices of plaintiff's counsel, was not excused by the fact that he faced arrest on a bench warrant issued by the same court for his failure to appear at a different deposition, and the court, accordingly, properly struck defendant's answer pursuant to CPLR 3126 by reason of his contumacious and willful conduct (*see, Varvitsiotes v Pierre*, 260 AD2d 297; *Kutner v Feiden, Dweck & Sladkus*, 223 AD2d 488, *lv denied* 88 NY2d 802; *Johnson v City of New York*, 188

AD2d 302), plaintiff was not entitled to recover from defendant the amount awarded in the appealed judgment. That amount exceeded the full amount of the judgment in the underlying matter for which plaintiff and defendant are jointly and severally liable. Indeed, because defendant's liability to plaintiff for satisfaction of the underlying judgment cannot exceed half the amount of the underlying judgment, and it is unclear to what extent that judgment has been satisfied by plaintiff, remand for settlement of a new judgment is necessary. Concur—Nardelli, J. P., Tom, Andrias, Buckley and Friedman, JJ.